# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY JONES | CIVIL ACTION |
| VERSUS | 18-1023-SDD-EWD |
| CALIBER HOME LOANS, INC. | |

## RULING

This matter is before the Court on the second *Motion to Dismiss*[1] filed by Defendant, Caliber Home Loans, Inc. ("Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff, Larry Jones ("Plaintiff"), filed an *Opposition*[2] to this motion, to which Defendant filed a *Reply*.[3] Plaintiff filed a *Sur-Reply*.[4] For the following reasons, Defendant's motion shall be granted in part and denied in part.

**I.    BACKGROUND**

This matter is currently before the Court on Defendant's second motion to dismiss[5] in response to Plaintiff's *Amended Complaint*.[6] The Court previously granted Defendant's first motion to dismiss, dismissing all of Plaintiff's claims with prejudice except for Plaintiff's state law claim of fraud. Plaintiff's fraud claim was dismissed without prejudice, and Plaintiff was granted leave of court to amend his *Complaint*.[7] The factual allegations

---

[1] Rec. Doc. No. 37.
[2] Rec. Doc. No. 38.
[3] Rec. Doc. No. 41.
[4] Rec. Doc. No. 44
[5] Rec. Doc. No. 37.
[6] Rec. Doc. No. 34.
[7] Rec. Doc. No. 33, p. 16.

and procedural background are as follows.

Plaintiff, an African-American home owner, contacted Defendant to inquire about refinancing his thirty-year mortgage in order to lower his interest rate and monthly payments.[8]  Defendant's employee informed Plaintiff that Defendant could refinance his mortgage at a lower rate.[9]  Pursuant to this conversation, Defendant mailed Plaintiff a refinancing agreement, which Plaintiff then signed and returned. Upon receiving his mortgage statement, Plaintiff realized that, not only was the loan he received not the type he had anticipated, but he also realized that the mortgage agreement Defendant had on file was not the one that he had signed. He claims that Defendant simply retained the signature page from the original agreement and switched out the remaining pages.[10]

Plaintiff alleges he was "steered" into a sub-prime loan and away from a prime rate loan.[11] Plaintiff's credit score is 685-690; he claims that a score over 650 qualifies a borrower for a prime rate loan.[12] He further claims Defendant gave him a sub- prime mortgage loan, knowing "he will have the least ability to repay" it.[13]  Plaintiff further alleges that Defendant disguised itself as a traditional lender to build trust, misrepresented or did not disclose the complex terms of the loan, and engaged in unlawful business acts by misrepresenting a sub-prime loan as the best loan for him.[14]  As a result of these acts, Plaintiff claims he suffered harm to his financial and overall wellbeing.[15]

---

[8] Rec. Doc. No. 1, p. 2.
[9] *Id.* at 3.
[10] *Id.*
[11] *Id.*
[12] *Id.* at 4.
[13] *Id.* In his original *Complaint*, Plaintiff claimed that he was steered into a sub-prime loan because he is African-American and an "unsophisticated borrower." *Id.* at 4. After Plaintiff's claims of racial discrimination were dismissed on Defendant's first motion to dismiss, he amended his complaint. In his *Amended Complaint*, Plaintiff only alleges that this is because he is an unsophisticated borrower. Rec. Doc. No. 34, p. 4.
[14] Rec. Doc. No. 1, pp. 4-5.
[15] *Id.* at 4.

In his original *Complaint*, Plaintiff claimed that Defendant's alleged acts were fraudulent[16] and resulted in Defendant being unjustly enriched.[17] Plaintiff further claimed that Defendant discriminated against him in the following ways: (1) on the basis of race in making available residential real estate transactions, or in the terms or conditions of such transactions, in violation of the Fair Housing Act (FHA);[18] (2) on the basis of race in the terms, conditions, or privileges of sale of a dwelling, in violation of FHA;[19] (3) on the basis of race with respect to credit transitions, in violation of the Equal Credit Opportunity Act (ECOA);[20] (4) a pattern or practice of resistance to the full enjoyment of rights granted by FHA,[21] and the ECOA;[22] and (5) in a denial of rights granted by the FHA to groups of persons that raise an issue of general public importance.[23] Plaintiff also claimed violations of Title VII of the Civil Rights Act of 1964;[24] Unfair and Deceptive Acts or Practices (UDAP), Credit Services Act (CSA), and Unfair Trade Practices Act and Consumer Protection Law (UTPCPL).[25]

In Defendant's first *Motion to Dismiss*[26] in response to the original *Complaint*, it argued that Plaintiff's unjust enrichment and fraud claims failed under Louisiana law, that his FHA and ECOA claims failed as a matter of law, and that his remaining claims[27] failed

---

[16] *Id.* (It is unclear whether Plaintiff is claiming fraud as he stated "[t]he allegations which cover the fraud that [Defendant] committed upon [Plaintiff] is alleged *only* to demonstrate one of the main motives that [Defendant] had to defraud [Plaintiff].") (emphasis added).
[17] *Id.* at 5–6.
[18] 42 U.S.C. § 3605(a).
[19] 42 U.S.C. § 3604(b).
[20] 15 U.S.C. § 1691(a)(1).
[21] 42 U.S.C. §§ 3601-3619.
[22] 15 U.S.C. § 1691.
[23] Rec. Doc. No. 1, p. 6.
[24] 42 U.S.C. § 1983.
[25] Rec. Doc. No. 1, p. 7.
[26] Rec. Doc. No. 14–1.
[27] Rec. Doc. No. 14–1, p. 11 (Defendant noted that while Plaintiff brought up several other claims in the first paragraph of the complaint, he did not support, explain, or discuss claims under Title VII of the Civil Rights

to meet basic pleading requirements. Specifically regarding Plaintiff's fraud claim, Defendant argued that the Louisiana Credit Agreement Statute applied, a "statute of frauds" for the credit industry that prevents borrowers from bringing claims against lenders based upon oral agreements.[28] Plaintiff opposed[29] Defendant's first motion to dismiss and argued that he satisfied the pleading requirements laid out in *Twombly* and *Iqbal*.[30] Specifically, Plaintiff maintained that the original *Complaint* clearly stated that:

> 1) Plaintiff agreed to and was sent mortgage documents to sign containing a thirty year mortgage agreement; 2) Plaintiff signed said documents and mailed them back to Defendant; 3) Plaintiff received his billing statement for said mortgage and noticed a discrepancy; 4) Plaintiff requested from the Defendant a copy of said documents he signed; and 5) Plaintiff realized that the copy of the documents that Defendant sent him were not the documents Plaintiff had been originally sent when he signed the original mortgage contract.[31]

Plaintiff further argued that he did not simply rely on legal conclusions but instead satisfied the Rule 9(b) particularity standard when he described "the particular circumstances" surrounding events that led him to be a "victim of a fraudulent 'bait and switch' scheme."[32] Plaintiff averred that he and "Defendant orally agreed to a contract [that] was reduced to writing[,] . . . signed[,] . . . and thereafter Defendant fraudulently switched out the documents," retaining only the signature page.[33]

The Court granted Defendant's first motion to dismiss, dismissing all of Plaintiff's claims with prejudice except for Plaintiff's state law claim of fraud. Plaintiff's fraud claim was dismissed without prejudice, and Plaintiff was granted leave of court to amend his

---

Act of 1964 42 U.S.C. § 1983, Unfair and Deceptive Acts or Practices (UDAP), Credit Services Act (CSA), and Unfair Trade Practices Act and Consumer Protection Law (UTPCPL)).
[28] Rec. Doc. No. 33, p. 15.
[29] However, Plaintiff inappropriately asserted new factual allegations not found in the *Complaint*.
[30] *Id.* at 5.
[31] Rec. Doc. No. 23, p. 3.
[32] *Id.*
[33] *Id.*

*Complaint* to allege his fraud claim in compliance with Rule 9.[34]

In accordance with this Court's ruling, Plaintiff has now amended his *Complaint*,[35] largely pleading the same facts as in the original *Complaint* of a "bait and switch tactic." In the *Amended Complaint*, Plaintiff added specific dates of when he signed the refinancing agreement, received his statement, contacted Caliber regarding the apparent error, and realized that the documents had been switched.[36] Plaintiff also added a new claim that the "fraudulent 'bait and switch tactic' … evidences that Caliber is clearly in violation of TILA", the Truth in Lending Act, which "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights."[37]

Defendant now moves to dismiss Plaintiff's *Amended Complaint*.[38] Defendant contends that Plaintiff's *Amended Complaint* fails to allege facts specific enough to state a fraud claim under Louisiana law.[39] Defendant cites to Louisiana caselaw in arguing that Plaintiff's fraud claim must fail because Plaintiff's "conclusory, non-specific 'facts' do not survive under Rule 9 or Louisiana law."[40] Specifically, Defendant argues that Plaintiff "utterly fails to identify the terms of the agreement that he purportedly signed and mailed back to Caliber" and does not explain "how the allegedly 'switched' terms of the Modification Agreement are different than the terms he allegedly signed."[41] Regardless,

---

[34] Rec. Doc. No. 33, p. 9.
[35] Rec. Doc. No. 34.
[36] *Id.* p. 3.
[37] *Id.* at 6.
[38] Rec. Doc. No. 37.
[39] Rec. Doc. No. 37-1, p. 5. Defendant does not argue the Louisiana Credit Agreement Statute in its second motion to dismiss.
[40] *Id.* at 6.
[41] *Id.*

Defendant contends that a "discrepancy between the monthly payment promised in a Modification Agreement, and the payment due in the monthly statement, is insufficient to state a claim of fraud."[42]  Finally, Plaintiff failed to allege the "resultant injury."[43]

Defendant next argues that Plaintiff's fraud claim fails because Plaintiff's factual allegations are contradicted by the documents upon which he relies.[44]  In fact, Defendant claims that Plaintiff obtained a better interest rate "consistent with the Modification Agreement" than what was provided in the original mortgage.[45]

Defendant reads Plaintiff's *Amended Complaint* to plead claims of breach of contract and breach of the covenant of good faith and fair dealing, and Defendant argues that Plaintiff fails to state a claim under these theories for which relief may be granted.[46]  Lastly, Defendant contends that Plaintiff fails to state a claim for violation of the Truth in Lending Act.[47]

Plaintiff opposes Defendant's motion and argues that the motion "borders on the incredulous and flies in the face of the 'short and plain statement' requirements."[48]  After "bringing to the Court's attention" each place in the pertinent documents[49] that Plaintiff initialed or signed, Plaintiff explained that "[t]hrough discovery" he "would inquire as to why Caliber creates its documents in this manner and whether this lends itself to 'bait and

---

[42] *Id.* at 7.
[43] *Id.*
[44] *Id.*  Defendant attached to its motion to dismiss the Note, (Rec. Doc. No. 37-2); Mortgage, (Rec. Doc. No. 37-3); Loan Modification Agreement, (Rec. Doc. No. 37-4); and Mortgage Statement, (Rec. Doc. No. 37-5).  These documents and whether they will be considered on a Rule 12(b)(6) motion are discussed below.
[45] *Id.* at 8.
[46] *Id.* at 8-10.
[47] *Id.* at 10-11.
[48] Rec. Doc. No. 38-1, p. 4.
[49] "Pertinent documents" is a reference to the Mortgage, (Rec. Doc. No. 37-3), and the Loan Modification Agreement, (Rec. Doc. No. 37-4).

switch' and or the easy and undetectable ability to replace and or remove pages in loan documents to the detriment of 'borrowers.'"[50]  Plaintiff then states the same enumerated points as was argued in opposition to Defendant's first motion to dismiss:

> 1) Plaintiff agreed to and was sent mortgage documents to sign containing a thirty year mortgage agreement; 2) Plaintiff signed said documents and mailed them back to Defendant; 3) Plaintiff received his billing statement for said mortgage and noticed a discrepancy; 4) Plaintiff requested from the Defendant a copy of said documents he signed; and 5) Plaintiff realized that the copy of the documents that Defendant sent him were not the documents Plaintiff had been originally sent when he signed the original mortgage contract.[51]

Plaintiff maintains that he satisfied all "pleading requirements articulated by the United States Supreme Court in both *Twombly* and *Iqbal*."[52] The Court now turns to a discussion of the applicable law.

## II.   LAW AND ANALYSIS

### A.   Rule 12(b)(6) Motion to Dismiss

When deciding a Rule 12(b)(6) motion to dismiss, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff."[53]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[54]  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state

---

[50] *Id.* at 5.
[51] *Id.*
[52] *Id.*
[53] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[54] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

a claim to relief that is plausible on its face.'"[55] In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss.[56] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[57] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[58] However, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[59] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully."[60] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[61] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[62]

### B. Exhibits to Defendant's Motion

Defendant moves this Court to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). Defendant attaches a Note,[63] Mortgage,[64] Loan Modification

---

[55] *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[56] *Bell Atl. Corp. v. Twombly*, 550 U.S. at 544 (hereinafter "*Twombly*").
[57] *Twombly*, 550 U.S. at 555 (internal citations and brackets omitted).
[58] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted) (hereinafter "*Iqbal*") (quoting *Twombly*, 550 U.S. at 557).
[59] *Id.* (citing *Twombly*, 550 U.S. at 556).
[60] *Id.* (citing *Twombly*, 550 U.S. at 557).
[61] *Taha v. William Marsh Rice Univ.*, No. CIV. A. 11-2060, 2012 WL 1576099, at *2 (S.D. Tex. May 3, 2012) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[62] *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).
[63] Rec. Doc. No. 37-2.
[64] Rec. Doc. No. 37-3.

Agreement,[65] and Mortgage Statement[66] to its motion.  Defendant generally states that these documents are a part of the public record, central to Plaintiff's claims, and/or documents of which the Court should take judicial notice.  Plaintiff does not object to the attached exhibits.

In general, pursuant to Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) [,] … matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[67]  There are some exceptions to this standard.  On a motion to dismiss, the court may consider "the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'"[68]

As the Fifth Circuit has explained, "[i]f the district court does not rely on materials in the record, such as affidavits, it need not convert a motion to dismiss into one for summary judgment."[69]  "[T]he mere submission [or service] of extraneous materials does not by itself convert a Rule 12(b)(6) [or 12(c)] motion into a motion for summary judgment."[70]  A district court, moreover, enjoys a broad discretion in deciding whether to treat a motion to dismiss as a motion for summary judgment.[71]

The Fifth Circuit has recognized a limited exception to the general rules under Federal Rule of Civil Procedure 12(d) and related jurisprudence.  The Fifth Circuit has

---

[65] Rec. Doc. No. 37-4.
[66] Rec. Doc. No. 37-5.
[67] Fed. R. Civ. P. 12(d); *U.S. v. Rogers Cartage Co.*, 794 F.3d 854, 861 (7th Cir. 2015).
[68] *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross and Blue Shield of Georgia, Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (citing *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey*, 540 F.3d at 338) (citations and internal quotation marks omitted)).
[69] *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275 (5th Cir. 2015) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995)).
[70] *Id.* (quoting *Finley Lines Joint Protective Bd. v. Norfolk S. Corp.*, 109 F.3d 993, 996 (4th Cir. 1997) (internal quotation marks omitted) (second alteration in original)).
[71] *See St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 n.6 (5th Cir. 1991).

approved district courts' consideration of documents attached to a motion to dismiss, when such documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim.[72]

Here, all of the exhibits attached to Defendant's motion meet the Fifth Circuit standard. Although these documents are not necessary for this Court to decide the present motion, they will be considered. Under Federal Rule of Evidence 201(b) (2), "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." State court documents are the proper subject of judicial notice.[73] The Note, Mortgage, Loan Modification Agreement, and Mortgage Statement are all documents of public record, referenced by Plaintiff in his *Amended Complaint*, are central to Plaintiff's claims, and/or are the proper subject of judicial notice.[74]

As such, the Court will not convert Defendant's Rule 12(b)(6) motion into a motion for summary judgment.

### C. Breach of Contract and Breach of Covenant of Good Faith and Fair Dealing Claims

In his *Amended Complaint*, Plaintiff alleges:

> This is also an action brought by Jones to recover damages for breach of contract, by Caliber, and the implied covenant of good faith and fair dealing

---

[72] *See Werner v. Dept. of Homeland Sec.*, 441 Fed.Appx. 246, 248 (5th Cir. 2011); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99.
[73] *See 330 Cedron Tr. v. Citimortgage. Inc.*, 2015 WL 1566058, at *2 (W.D. Tex. April 8, 2015) (taking judicial notice of state court documents "that are a matter of public record" attached to a motion to dismiss by the defendant bank in a mortgage foreclosure case); *Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x. 173, 178 n.2 (5th Cir. 2012) (unpublished) (taking judicial notice of "the document referenced" because "a pleading filed with a Louisiana state district court ... is a matter of public record." (citations omitted)); *Morlock. L.L.C. v. JPMorgan Chase Bank. N.A.*, No. CIV. A. 13-0734, 2013 WL 5781240, at *1 n.12 (S.D. Tex. Oct. 25, 2013), *aff'd* (July 8, 2014).
[74] *See Starling v. JPMorgan Chase Bank, N.A.*, No. CIV. A. 13-777, 2013 WL 4494525, *3 (N.D. Tex. Aug. 22, 2013)(where all such documents were considered on a motion to dismiss on same grounds).

in refinancing agreement documents, as well as an action for tortious violation of the covenant of good faith and fair dealing.[75]

Defendant contends that Plaintiff fails to state a claim for breach of contract "because he fails to identify any contract, let alone contractual terms, that Caliber allegedly breached.  Plaintiff does not put forth any facts outlining that Caliber undertook any obligation to Plaintiff or that it failed to perform any obligation it owed to Plaintiff.  Plaintiff fails to identify the terms of the agreement that he purportedly signed and mailed back to Caliber … ."[76]  In opposition to Defendant's motion, Plaintiff wholly ignores these claims and does not address Defendant's argument.[77]  As Defendant offered, "Plaintiff does not even attempt to resuscitate his breach of contract or breach of covenant of good faith and fair dealing claim."[78]  Even in sur-reply, Plaintiff remained silent as to these claims.[79]

"The Fifth Circuit makes it clear that when a party does not address an issue in his brief to the district court, that failure constitutes a waiver on appeal."[80]  "By analogy, failure to brief an argument in the district court waives that argument in that court."[81]

---

[75] Rec. Doc. No. 34, ¶ 5.
[76] Rec. Doc. No. 37-1, p. 9 (underline in original).
[77] Rec. Doc. No. 38-1.
[78] Rec. Doc. No. 41, p. 3.
[79] Rec. Doc. No. 44.
[80] *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003) (citations omitted)); *see also United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010) (defendant's failure to offer any "arguments or explanation ... is a failure to brief and constitutes waiver").
[81] *JMCB*, 336 F. Supp. 3d at 634 (quoting *Magee*, 261 F. Supp. 2d at 748 n.10); *see also Kellam v. Metrocare Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue." (citations omitted)); *Mayo v. Halliburton Co.*, No. CIV. A. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument). *See also Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 672 (M.D. La. 2019) (finding that, because plaintiff failed to respond to defendant's argument on an issue, the Court could conclude that a policy exclusion applied (citing, *inter alia, JMCB*, 336 F. Supp. 3d at 634)).

Accordingly, Plaintiff's claims of breach of contract and breach of covenant of good faith and fair dealing are dismissed with prejudice.

### D.    Fraud Claim under Louisiana State Law

As the Court stated in its *Ruling* on Defendant's first motion to dismiss, Rule 9(b) requires a party alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake."[82]  Only "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[83] "A dismissal for failure to plead fraud with particularity as required by Rule 9(b) is a dismissal on the pleadings for failure to state a claim under Rule 12(b)(6)."[84]  In other words, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."[85]  The Court then allowed Plaintiff to amend his fraud claim.  The Court now turns to whether Plaintiff's amendment cured the deficiencies of stating this claim and Defendant's arguments challenging the amendment.

Defendant argues in its motion to dismiss that Plaintiff has not alleged sufficient facts to support three of the elements of a fraud claim.  Plaintiff's alleged facts are "conclusory" and "non-specific."[86]  Specifically, Defendant argues that Plaintiff's *Amended Complaint* does not demonstrate a "misrepresentation, much less one made with the intent to deceive."  Defendant also argues that "Plaintiff utterly fails to identify the terms of the agreement" that he signed and returned.  Defendant contends that Plaintiff does not explain how the alleged "switched" terms of the Modification Agreement are different

---

[82] Rec. Doc. No. 33, p. 16 (citing Fed. R. Civ. P. 9(b)).
[83] Fed. R. Civ. P. 9(b).
[84] Rec. Doc. No. 33, p. 16 (citing *Southland Sec. Corp. v. Inspire Ins. Solutions Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)).
[85] *Id.* (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992))).
[86] Rec. Doc. No. 37-1, p. 6.

than the terms Plaintiff signed.[87]  Finally, Defendant contends that "Plaintiff does not demonstrate any facts detailing how the promise of a lower interest rate or the alleged document switch caused him 'resultant injury.'"[88]

In response Plaintiff simply concludes that he "has plead 'fraud' with particularity to the best of his knowledge at this time."[89]  Plaintiff "concedes" that he has not listed a "who, what, where, when synopsis of the events that transpired" because "Plaintiff did not write down the date of every phone call he made to Caliber nor whom he spoke to at Caliber."[90]  Citing to documents attached to Defendant's motion to dismiss, Plaintiff then compares his initials on the bottom of the Chase Mortgage Note[91] and Chase Mortgage Agreement[92] with the signature on the last page of the Caliber Loan Modification Agreement,[93] seemingly to argue that the Modification Agreement "lends itself" to the "bait and switch" scheme because it only requires one signature on the last page.[94]  However, this comparison of required signatures in both documents is not set forth in Plaintiff's *Amended Complaint*, only in his *Opposition.*  The Eastern District in *Becnel v. St. Charles Parrish Sheriff's Office* held, "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss."[95]  Here, Plaintiff may not amend its claim for fraud against Defendant in its *Opposition* to the motion.  Therefore, the Court turns to the elements of a fraud claim under Louisiana law and the face of Plaintiff's *Amended*

---

[87] *Id.*
[88] *Id.*, p. 7.
[89] Rec. Doc. No. 38-1, p. 4.
[90] *Id.*, p. 5.
[91] Rec. Doc. No. 37-2.
[92] Rec. Doc. No. 37-3.
[93] Rec. Doc. No. 37-4.
[94] *Id.*
[95] *Becnel v. St. Charles Par. Sheriff's Office*, No. CIV. A. 15-1011, 2015 WL 5665060, at *1, n.3 (E.D. La. Sept. 24, 2015) (quoting *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011) (collecting cases)).

*Complaint* to determine whether Plaintiff has sufficiently amended his complaint to state a claim upon which relief may be granted.

Under Louisiana law, the elements of fraud are: (1) a misrepresentation of material fact; (2) made with the intent to deceive; (3) made to obtain some unjust advantage or to cause loss or inconvenience to the other; (4) causing justifiable reliance with resulting injury.[96] In other words, "articulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."

Based on the above principles, the Court finds that Plaintiff has met the particularity requirement of Rule 9(b). Plaintiff's *Amended Complaint* alleges that: Plaintiff was an unsophisticated customer who was seeking to refinance his thirty-year mortgage to obtain a lower interest rate and lower his monthly payments;[97] he relied upon the expertise of Caliber;[98] Caliber mailed Plaintiff a refinancing agreement which Plaintiff signed and mailed back to Caliber on March 27, 2018;[99] in May 2018, Plaintiff noticed that the interest rate and payment rate were for a sub-prime loan which required Plaintiff to pay principal that he would not have paid in a conventional loan;[100] Plaintiff requested a copy of the documents he signed in June 2018;[101] in July 2018, Plaintiff realized that the documents were different than those he signed in March 2018;[102] Plaintiff concluded, after several

---

[96] *See* La. Civ. Code art. 1953; *Sys. Eng'g. and Sec., Inc., v. Sci. & Eng'g. Assoc., Inc.*, 962 So. 2d 1089, 1091 (La.App. 4 Cir. 2007).
[97] Rec. Doc. No. 34, p. 2.
[98] *Id.*
[99] *Id.* at 3.
[100] *Id.*
[101] *Id.*
[102] *Id.*

attempts to discuss this with Caliber from August 2018 to October 2018, that Caliber employed a "bait and switch tactic" which resulted in Plaintiff entering into a "defective sub-prime refinancing loan" instead of a "prime rate refinancing loan," which is what Plaintiff thought he had signed;[103] the sub-prime loan was not attractive to Plaintiff because "sub[-]prime loans are always more profitable than prime loans since sub[-]prime loans have higher interest rates, dramatic and unexpected increases in monthly payments, balloon payments, and contain numerous fees and penalties that produce significant revenue to the sub[-]prime loan lender;[104] Plaintiff claims he was "induced" into a loan that he has the "least ability to repay;"[105] Plaintiff was injured because he "took on a financial burden that he would not have otherwise taken on" and Plaintiff's home "was stripped of its equity;"[106] and Plaintiff summarizes his "injuries" to also include taking on a financial burden that he otherwise would not have taken on, making monthly payments that he cannot afford which may lead to prepayment penalties, anticipated rate increases, paying different fees and interest rates compared to those that he thought he would be paying.[107]

On the face of the *Amended Complaint*, Plaintiff pleads the who, what, when, and how. Plaintiff claims that Caliber (who) switched a sub-prime mortgage loan for a prime mortgage loan (what) that he signed in March 2018 and discovered by July 2018 (when). Plaintiff claims that the last page, the signature page, of the prime loan was attached to a sub-prime loan, thereby binding Plaintiff to terms to which he claims he otherwise would

---

[103] *Id.*
[104] *Id.*, p. 4.
[105] *Id.*
[106] *Id.*
[107] *Id.*, p. 5.

not have agreed (how).  The "where" ingredient is unclear from Plaintiff's pleading, but one may surmise from the *Amended Complaint* that Caliber's "office" is where the alleged "switch" was made and Plaintiff can attest where he signed the agreement in March 2018.

Plaintiff alleges a misrepresentation (prime loan with lower interest rate and lower monthly payments when it was actually a sub-prime loan with higher rates) that was an "unjust advantage" to Caliber (higher payments to Caliber) and a loss to Plaintiff incurred because Plaintiff relied upon Caliber's expertise to Plaintiff's alleged injury.  The only element which Plaintiff does not specifically plead is an "intent to deceive."  However, Plaintiff is only required to plead "malice, intent, and knowledge" of Caliber generally under Fed. Rule of Civ. Proc. 9(b).  Plaintiff generally claims that Caliber "knowingly" "switched" the documents.[108]

Taking all well-pleaded facts as true and viewed in the light most favorable to the plaintiff,[109] Plaintiff has plead a plausible claim of fraud on the face of the operative complaint.  While Defendant argues specific facts and evidence that cast doubt upon whether Plaintiff will prevail on his fraud claim, that is a determination better left for summary judgment or trial.  The task of the Court is not to decide if Plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[110]

---

[108] *Id.*, p. 4.  There is also some support in relevant jurisprudence for asserting a fraud claim due to a "bait and switch scheme".  *See Sanghani v. United Healthcare Services, Inc.*, No. 15-02887, 2016 WL 5395421, n.1 (W.D. La. Aug. 30, 2016)("Sanghani's references to 'bait and switch' tactics, knowledge of future non-payment despite a 'promise to pay,' and 'intent,' all loosely signify a fraud claim."); *see also Westech Seal, Inc. v. Bjornson*, No. 11-055, 2011 WL 13238557 (W.D. Tex. Sept. 30, 2011)(where Plaintiff alleged a state law claim of fraud arising out of a "bait and switch scheme").
[109] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502 (5th Cir. 2014).
[110] *Id.* at 503.

Based on the foregoing, the Court finds that Plaintiff has stated a plausible claim for relief with adequate particularity, and Defendant's motion to dismiss the fraud claim is denied.[111]

### E.    TILA Claim

In amending his complaint, Plaintiff asserted a new claim under the TILA, alleging, "TILA 'requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights.'"[112]  In conclusory fashion, Plaintiff states, "Clearly, said fraudulent 'bait and switch tactic' described above evidences that Caliber is clearly in violation of TILA."[113]

Defendant seeks to dismiss Plaintiff's TILA claim due to the "dearth" of factual allegations supporting this claim.[114]  Defendant argues that Plaintiff does not allege: that the parties or transactions are governed by TILA; whether Defendant is a "creditor"; whether Plaintiff is a "borrower"; that the subject property is Plaintiff's "principal dwelling"; that the transaction was for "consumer purposes"; what disclosures Defendant failed to make; or the section of TILA upon which the claim is based.[115]

Plaintiff responds that a "reasonable person" standard and a "commonsensical approach" to reading the *Amended Complaint* "clearly" shows that Plaintiff is the "debtor" (not "borrower" as required by TILA) and Defendant as the "creditor."  Further, Plaintiff accuses Defendant of being "incredulous" simply because Plaintiff did not use "terms of

---

[111] *See J.A.H. Enterprises, Inc. v. BLH Equip., LLC*, No. CV 16-124-SDD-RLB, 2017 WL 54245, at *7 (M.D. La. Jan. 4, 2017) (the "where" was discernible to the Court and the Court denied the defendant's motion to dismiss with similar allegations and factual pleading of fraud).
[112] Rec. Doc. No. 34, p. 6 (citing *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998)).
[113] Rec. Doc. No. 34, p. 6.
[114] Rec. Doc. No. 37-1, p. 10.
[115] Id., pp. 10-11.

art" in his *Amended Complaint*.[116] In sur-reply, Plaintiff argues that he "has plead this claim [under TILA] to the best of his knowledge."[117]

Defendant is correct that the Truth in Lending Act[118] covers multiple chapters and over 1,500 pages.[119] The purpose of a motion to dismiss under Rule 12(b)(6) is to challenge whether Plaintiff has sufficiently plead a plausible claim on the face of the Complaint. The standard, as set forth above, is that a Defendant must be put on notice of the grounds of Plaintiff's purported entitlement to relief. Here, Plaintiff does little more than allege "TILA" in its *Amended Complaint*. Plaintiff does not identify what chapter or section of TILA under which he is proceeding. He does not even attempt to allege the elements of his claim or in what manner the factual allegations apply to a claim under TILA.

In his one paragraph dedicated to his purported TILA claim, Plaintiff cites to *Beach v. Ocwen Fed. Bank*,[120] in which a mortgagee brought a foreclosure action against a mortgagor. As an affirmative defense, the mortgagor asserted a right to rescind under TILA. The issue before the Supreme Court was whether the statutory right of rescission had expired. The analysis and holding in *Beach* is inapplicable to the matter presently before this Court. However, Plaintiff correctly quotes *Beach* for the following:

> The declared purpose of [TILA] is to 'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.' Accordingly, [TILA] requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things

---

[116] Rec. Doc. No. 38-1, p. 4.
[117] Rec. Doc. No. 44, p. 1.
[118] 15 U.S.C. 1601, *et seq.*
[119] Rec. Doc. No. 37-1, p. 10.
[120] 523 U.S. 410 (1998).

like finance charges, annual percentage rates of interest, and the borrower's rights.[121]

Clearly, Plaintiff's sole reliance on the quoted language in support of a claim under TILA is woefully inadequate. Pleading the purpose of TILA does not qualify as pleading a plausible claim under the expansive Act. However, this is a new allegation, plead for the first time in the *Amended Complaint,* and Plaintiff's allegations, better developed, may trigger applicability of TILA.[122] The Court finds that Plaintiff's scant allegations may benefit from an amendment.

The Federal Rules of Civil Procedure provide that "leave to amend shall be freely given when justice so requires."[123] Moreover, "courts should ordinarily grant a plaintiff at least one opportunity to amend before dismissing a complaint with prejudice for failure to state a claim.[124] While Plaintiff has already been granted leave of court once to amend his complaint, that amendment was granted as to his fraud claim and without the TILA allegations at issue. This will be a first amendment of a purported claim under TILA, and Plaintiff's granted leave of court is limited in scope to amending his claim under TILA.

## III.    CONCLUSION

For the reasons stated above, Defendant's *Motion to Dismiss*[125] is GRANTED IN PART and DENIED IN PART. Plaintiff's state law fraud claim remains pending. Plaintiff's

---

[121] *Beach*, 523 U.S. at 412 (internal citations omitted).
[122] *See* Rec. Doc. No. 37-1, p. 11, n. 4, citing support for a right of rescission under TILA when the changes to the terms of an existing obligation accomplish cancellation of the original obligation and the substitution of a new obligation, although arguing a Modification Agreement does not trigger a right of rescission under TILA. *Castrillo v. Am. Home Mortg. Servicing, Inc.*, 670 F. Supp. 2d 516 (E.D. La. 2009); *Tubwell v. Specialized Loan Serv. LLC*, No. 17-15, 2017 WL 4228760 (N.D. Miss. Sept. 22, 2017).
[123] Fed. R. Civ. P. 15(a)(2).
[124] *Matthews v. Stolier*, No. 13-6638, 2014 WL 5214738 at *12 (E.D. La. Oct. 14, 2014)(citing *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000)).
[125] Rec. Doc. No. 37.

breach of contract and breach of the covenant of good faith and fair dealing claims are dismissed with prejudice. Plaintiff's claim under the Truth in Lending Act is dismissed without prejudice, and Plaintiff shall have leave of court to amend his *Complaint* to allege this claim in compliance with Rule 9 within twenty-one (21) days of this *Ruling*.

**IT IS SO ORDERED**.

Signed in Baton Rouge, Louisiana on <u>July 28, 2020</u>.

*Shelly D. Dick*
_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**