UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY JONES | CIVIL ACTION |
| VERSUS | 18-1023-SDD-EWD |
| CALIBER HOME LOANS, INC. | |

**RULING**

This matter is before the Court on the Motion for Summary Judgment[1] filed by Defendant, Caliber Home Loans, Inc. ("Defendant"), to which Plaintiff, Larry Jones ("Plaintiff"), filed an Opposition,[2] and Defendant filed a Reply.[3] For the following reasons, Defendant's motion shall be granted.

**I.   FACTUAL/PROCEDURAL BACKGROUND**

Although the procedural posture of this motion is at the summary judgment stage, Plaintiff's initial allegations in this matter provide context for the claims subject to the pending motion.  Plaintif, an African-American home owner, alleged that he contacted Defendant to inquire about refinancing his thirty-year mortgage in order to lower his interest rate and monthly payments.[4]  Defendant's employee informed Plaintiff that Defendant could refinance his mortgage at a lower rate.[5]  Pursuant to this conversation, Defendant mailed Plaintiff a refinancing agreement, which Plaintiff then signed and

---

[1] Rec. Doc. No. 69.
[2] Rec. Doc. No. 23.
[3] Rec. Doc. No. 30.
[4] Rec. Doc. No. 1, p. 2.
[5] *Id.* at 3.

returned. Upon receiving his mortgage statement, Plaintiff claims he realized that, not only was the loan he received not the type he has anticipated, but he also realized that the mortgage agreement Defendant had on file was not the one that he had signed. He claims Defendant simply retained the signature page from the original agreement and switched out the remaining pages.

Plaintiff alternatively alleged he was "steered" into a sub-prime loan and away from a prime rate loan. Plaintiff's credit score is 685-690; he claims that a score over 650 qualifies a borrower for a prime rate loan. He further claims Defendant gave him a sub-prime mortgage loan, knowing "he will have the least ability to repay" it,[6] because he is African-American[7] and an "unsophisticated borrower."[8] Plaintiff also alleged that Defendant disguised itself as a traditional lender to build trust, misrepresented or did not disclose the complex terms of the loan, and engaged in unlawful business acts by misrepresenting a sub-prime loan as the best loan for him.[9] As a result of these acts, Plaintiff claims he suffered harm to his financial and overall wellbeing.[10] Additionally, Plaintiff claims that these acts were fraudulent[11] and resulted in Defendant being unjustly enriched.[12]

The Court issued two prior Rulings on Defendant's Motions to Dismiss.[13] The only claims that remain pending before the Court on summary judgment are Plaintiff's Truth in Lending Act ("TILA")[14] claim and his state law fraud claim. Defendant has moved for

---

[6] *Id.* at 4.
[7] *Id.* at 3.
[8] *Id.* at 4.
[9] *Id.* at 5.
[10] *Id.* at 4.
[11] *Id.*
[12] *Id.* at 5–6.
[13] Rec. Doc. Nos. 33 & 45.
[14] 15 U.S.C. 1601 et seq., is implemented by Regulation Z (12 CFR 1026).

summary judgment on these remaining claims, which Plaintiff opposes. Despite his opposition, Plaintiff has failed to controvert a single fact submitted by Defendant and even stated at the beginning of his Opposition brief that: "All relevant facts were stated in Defendant's Memorandum in Support of Defendant's Motion for Summary Judgment, (Doc. 69-4), which is filed in the record of this case and is hereby incorporated, by reference, as though copied fully herein *in extenso.*"[15] Based on both the failure to controvert with record evidence any fact submitted by Defendant, and Plaintiff adopting the facts presented by Defendant in its briefing, Plaintiff cannot carry his burden of demonstrating a genuine dispute of material fact for trial.

Local Rule 56(f) provides:

Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted. **An assertion of fact set forth in a statement of material facts shall be followed by a citation to the specific page or paragraph of identified record material supporting the assertion**. The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. **The court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts**. (emphasis added).

Local Rule 56 (c) requires an opposing party to:

submit with its opposition a separate, short, and concise statement of material facts. **The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by this rule**. Each such statement shall begin with the designation "Admitted," "Denied," or "Qualified" and, in the case of an admission, shall end with such designation. The opposing statement may contain in a separately titled section additional facts, each set forth in a separately numbered paragraph

---
[15] Rec. Doc. No. 74-1, p. 1.

and supported by a record citation as required by subsection (f) of this rule.

Plaintiff herein failed to comply with Local Rules 56(c) & (f) of the Middle District of Louisiana. Plaintiff offered his own Statement of Contested Material Fact[16] wherein Plaintiff presented three purported contested material facts. In adopting the Defendant's Statement of Facts, the Plaintiff has admitted them. The Plaintiff does not deny or qualify the Defendant's Statement of Facts Moreover, Plaintiff's purported "contested facts" are three legal questions, not statements of fact, and they contain no citation to any record evidence. Defendant noted this deficiency in its Reply, filed on November 1, 2021.[17] To date, Plaintiff has not sought leave of Court to make any corrections or substitutions. Therefore, the following facts are deemed admitted in this case.

On August 15, 2007, Plaintiff filled out a Uniform Residential Loan Application to refinance his property located at 3850 Clayton Drive, Baton Rouge, Louisiana ("Property").[18] Plaintiff noted that the Property was for investment purposes on the application.[19] On September 27, 2007, Plaintiff executed a note ("Note") and mortgage ("Mortgage") in the principal sum of $52,000 in favor of Chase Bank USA, N.A., on the Property.[20] Under the Note, Plaintiff agreed to pay 11.250% interest on the principal amount for a thirty-year term.[21] The Mortgage and Note were service transferred to Caliber Homes Loans, Inc. ("Caliber") in February 2018.[22]

---

[16] Rec. Doc. No. 74-3.
[17] Rec. Doc. No. 75.
[18] Rec. Doc. No. 69-1, p. 2, Affidavit of Tonya Tillman at ¶ 5.
[19] *Id.* at 5-11.
[20] *Id.* at 2, ¶¶ 6-7, A-2, A-3; Rec. Doc. No. 69-2, Jones Depo at 24:1-3, 28:17 – 29:2, 39:19 – 43:7..
[21] Rec. Doc. No. 69-1, p. 36, Exhibit A-2.
[22] *Id.* at 2, ¶ 8, Exhibits A-5, A-6.

In February 2018, when Caliber began servicing the loan, Plaintiff was 538 days delinquent on mortgage payments and had a past-due balance of more than $15,000.00.[23] On March 9, 2018, Caliber sent Plaintiff a letter, explaining that he was preapproved for a "Loan Modification Agreement – 5 YEAR WITH STEP," which was attached to the letter ("Offer Letter").[24] Plaintiff received the Offer Letter.[25]

As stated in the Offer Letter, the Loan Modification Agreement would modify the terms of the Note and Mortgage and lower Plaintiff's monthly payment from $783.32 to $552.08 "through a deferral of outstanding balances, forgiveness of outstanding balances, maturity date extension, and/or an interest-only payment."[26] The Offer Letter advised Plaintiff to refer to the "loan modification agreement for details regarding the terms of your payment."[27]

On March 27, 2018, Plaintiff called Caliber and spoke with a Caliber Representative regarding the Offer Letter ("March 27, 2018 Call").[28] Plaintiff told the Caliber Representative that the Property was his rental property.[29] During the March 27, 2018 Call, Plaintiff confirmed with the Caliber Representative that he received a seven-page document that included "Loan Modification Agreement 5 year With Step" in the mail from Caliber.[30] Also during this Call, the Caliber Representative explained, and Plaintiff

---

[23] *Id* at ¶¶8, 9; Exhibit A-7 (February 21, 2018 Mortgage Statement noting "You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure - the loss of your home. As of 02/21/2018, you are 538 days delinquent on your mortgage.").
[24] *Id.* at 2, ¶10; Exhibit A-8.
[25] Rec. Doc. No. 69-2, Jones Depo at 71:22 – 72:18.
[26] Rec. Doc. No. 69-1, Exhibit A-8.
[27] *Id.*
[28] *Id.* at 3, ¶11, Exhibit A-9 at 00:00 – 00:37; *see also* Rec. Doc. No. 69-2, Jones Depo at 107:8-18.
[29] Rec. Doc. No. 69-1, Exhibit A-9 at 00:25 – 00:56.
[30] *Id.*, Exhibit A-9 at 28:03 – 28:16, 53:57 –54:49.

acknowledged, that the account was delinquent in the amount of $15,063.51 because he had not been making payments on the account and that the loan modification was necessary to avoid losing his house.[31]

> Caliber: …Because we don't want to happen is that this goes into foreclosure, there's a foreclosure attorney involved. At that point their gonna – their main thing is, did you make the payment? Did you start making a payment…when's the last time you made a payment? And you say August of 2016, okay, well, that account should be in foreclosure because a payment hadn't been made. And then at that point you have foreclosure fees and costs that you have to worry about. . . . .
> ***
> On that I would say this modification – you're going to need to take advantage of it if you're not able to bring the payments current from 2016 to present.
>
> Jones: Okay, I fully understand what you're saying because I'm going to have to do that – I've come too far to not let this property – to just lose it like that.

During the March 27, 2018 Call, the Caliber Representative explained, and Plaintiff acknowledged, that the Loan Modification Agreement had a maturity date of 2058, which was 40 years.

> Caliber: Yep, on page 3 of 7, it gives you your maturity date – it's 2058. Forty years from now.
> Jones: 2058 – I'm 63 years of age. Now.
> Caliber: Mmm hmm.
> Jones: This is 2018.
> Caliber: Mmm hmm.
> Jones: So, how many years from 2018 to 2058? How many years is that?
> Caliber: 40
> Jones: 40 years
> Caliber: Mmm hmm.

---

[31] *Id.*, Exhibit A-9 at 03:01 – 05:21, 17:10 – 24:00.

Jones: I will be a hundred and some odd years of age.[32]

Indeed, the Loan Modification Agreement has a maturity date of 2058, or 40 years.[33]

On this same Call, the Caliber Representative explained, and Plaintiff acknowledged, that the Loan Modification Agreement had a principal balance of approximately $48,294.23.[34] The Caliber representative then advised Plaintiff that certain delinquent amounts would be deferred to the end of the loan and explained what the term "deferred" meant.[35]

During the March 27, 2018 Call, Plaintiff acknowledged that the Loan Modification Agreement had an initial monthly payment of $552.08.[36] During this call, the Caliber representative explained to Plaintiff that he would need to sign the Loan Modification Agreement, make a copy of the Agreement for his records, and mail the signed agreement to Caliber with a check via overnight mail with a tracking number in order to execute the Loan Modification Agreement.[37] Plaintiff admitted he signed the Loan Modification Agreement on March 27, 2018.[38]

The signed Loan Modification Agreement and the loan modification agreement in the Offer Letter contain the same terms.[39] Under the Loan Modification Agreement, Plaintiff agreed to a 40-year term and a 6.250% interest rate in years one through five, a

---

[32] *Id.*, Exhibit A-9 at 31:53 – 32:26.
[33] *Id.*, Exhibit A-8.
[34] *Id.*, Exhibit A-9 at 01:14:55 – 01:17:56; Exhibit A-8.
[35] *Id.*, Exhibit A-9 at 30:33 – 31:48; Exhibit A-8 at Jones v. Caliber_000319.
[36] *Id.*, Exhibit A-8 at Jones v. Caliber_000319; Exhibit A-9 at 28:17 – 29:51 and 31:53 – 32:09.
[37] *Id.* at Exhibit A-9 at 53:57 – 54:49, 55:02 – 55:13, 57:39 – 59:27, 01:00:48 – 01:01:32, 01:01:35 – 01:01:51, 01:04:08 – 01:04:45, 01:06:56 – 01:09:12, 01:18:18 – 01:19:08.
[38] *Id.* at 2, ¶12; Record Doc. No. 69-2, Plaintiff Depo at 93:11 – 94:3 (referring to Exhibit K, "[by Ms. Seanor] Is that your signature? A. [by Mr. Jones] Yes."); *see also* Rec. Doc. No. 69-3, p. 8, Plaintiff's Responses to Defendant's First Set of Requests for Admission, Interrogatories, and Request for Production of Documents, attached to the Motion as Exhibit C, Request for Admission No. 1 (admitting that Plaintiff's "signature appears on Page 7 of the Loan Modification Agreement").
[39] Rec. Doc. No. 69-1 at Exhibit A-8 and Exhibit A-10.

7.250% interest rate in year six, and an 8.000% interest rate in year seven through maturity on the principal balance of $48,294.23.[40] Plaintiff admitted at his deposition that the Property was rented out in March of 2018, the month he signed the Loan Modification Agreement.[41]

Plaintiff has no evidence that Caliber offered terms different than those in the Loan Modification Agreement.[42]

Notwithstanding the foregoing admitted facts, Plaintiff's entitled "Statement of Contested Material Fact" presents three legal questions, no facts, and no record citations:

> 1. Whether the injury, which plaintiff sustained, was a result of an act of negligence or an intentional act on the part of the Defendant, CALIBER HOME LOANS, INC. ("Defendant").
> 2. Whether the actions of the Defendant constitute negligence.
> 5. Whether the Plaintiff was the victim of predatory lending by the Defendant.[43]

Notably, there are no viable claims for negligence pending in this matter. Further, as stated above, these are not statements of fact.

## II.   LAW AND ANALYSIS

### A. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[44] "When assessing whether a dispute to any material fact exists, we consider all

---

[40] *Id.* at Exhibit A-10.
[41] Rec. Doc. No. 69-2, p. 20, Plaintiff's Depo, at 71:11-71:18 ("my property was actually – rented out at that particular time . . . the only way that I was able to . . . pay on those - - on those notes is . . . from what I'm receiving from my rental property.").
[42] *See* Rec. Doc. No. 69-3, p.7, Request for Production No. 1 (Answering that "Plaintiff is not in possession of a copy of [the 'refinancing agreement for a thirty year mortgage' [he] allegedly 'signed and mailed back to Caliber on March 27, 2018.']").
[43] Rec. Doc. No. 74-3, p. 1.
[44] Fed. R. Civ. P. 56(a).

of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[45]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[46]  If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[47]  However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[48]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[49]  All reasonable factual inferences are drawn in favor of the nonmoving party.[50]  However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[51]  "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to

---

[45] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).
[46] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).
[47] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).
[48] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[49] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[50] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).
[51] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

support the complaint."""[52]

### B. Plaintiff's Opposition[53]

Plaintiff's brief in opposition to Defendant's Motion is woefully deficient. The Opposition is less than three substantive pages, two of which are merely a recitation of the summary judgment standard. The entire opposition argument follows:

> In the instant case, the Plaintiff does not recall signing several documents nor making several phone calls which were recorded by the Defendant. (See Exhibit "A")
>
> Therefore, it is reasonable for these issues to be brought before a jury to decide, as opposed to being disposed of by this Honorable Court through a granting of Defendant's Motion for Summary Judgment.
>
> It is reasonable to believe that this close case—where the evidence could support a verdict for either side, which would depend on the jury's reasonable inferences drawn from the evidence presented, is perfect for a trial, not summary judgement.
>
> It is clear that the Defendant made the refinance loan to the Plaintiff, regardless of the Plaintiffs ability to repay said loan. The result is when the Plaintiff inevitably defaults, the Defendant loses his home. the mortgage loan. This tactic is known as "equity stripping" and a jury should make a decision as to whether this type of predatory lending took place.
>
> These are all issues for a jury to decide at trial.[54]

### C. TILA Claim

The Court finds that the Plaintiff's Second Amended Complaint fails to properly plead a TILA claim. Furthermore, the credit transaction at issue in this case was exempt

---

[52] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).
[53] While the Court typically addresses the arguments in the pending motion first in such a Ruling, for the purposes of judicial economy, the Court will start with Plaintiff's Opposition.
[54] Rec. Doc. No. 74-1, p. 3 (errors in original).

from TILA disclosure requirements. "[C]redit transactions involving extensions of credit primarily for business . . . purposes" are exempt from TILA.[55] A loan transaction is made for "business purposes" when it is used for rental property.[56] In *Floyd v. PNC Mortgage*, the district court found the borrower had a business purpose because he indicated he was using the property for investment purposes and had been renting the property since refinancing it.[57] Plaintiff concedes that he was refinancing the mortgage on a rental property. Summary Judgment is GRANTED, and the TILA claim is DISMISSED with prejudice.

### D. Fraud

Plaintiff has failed to submit any evidence to support the elements of his fraud claim; thus, this claim fails. In asserting a fraud claim involving a contract, Louisiana law requires a plaintiff to establish three elements: "(1) a misrepresentation of material fact, (2) made with the intent to deceive, (3) causing justifiable reliance with resultant injury."[58] Defendant contends Plaintiff has offered no summary judgement evidence that Caliber made any misrepresentation, no evidence of intent to deceive him, and no evidence of justifiable reliance or resultant injury. Summary Judgment is GRANTED, and Plaintiff's state law fraud claim is DISMISSED with prejudice.

---

[55] 15 U.S.C. § 1603.
[56] *Floyd v. PNC Mortgage*, 216 F. Supp. 3d 63, 66 (D.D.C. 2016) ("In general, a loan is deemed to be for a business purpose when it is 'extended to acquire, improve, or maintain rental property . . . that is not owner-occupied'—e.g., 'a single-family house that will be rented to another person to live in.') (quoting 12 C.F.R. pt. 226, supp. I, cmt. 3(a)(4)); *Antanuous v. First Nat'l Bank of Arizona*, 508 F. Supp. 2d 466, 471 (E.D. Va. 2007) (TILA violation claims must fail where borrower's principal dwelling "was not used to secure the credit transaction executed with defendants").
[57] *Id.* at 66.
[58] *Becnel v. Grodner*, 2007-1041 (La. App. 4th Cir. 4/2/08), 982 So.2d 891, 894.

## III. CONCLUSION

For the reasons set forth above, the Motion for Summary Judgment[59] filed by Defendant, Caliber Home Loans, Inc. is GRANTED. Plaintiff, Larry Jones' claims are dismissed with prejudice. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 2nd day of February, 2022.

_____
**SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[59] Rec. Doc. No. 69.